IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Robert G.,[1] | ) | Case No.: 2:25-cv-03369-JD-MGB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Frank Bisignano, Commissioner of | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court for review of the Report and Recommendation (the "Report") of United States Magistrate Judge Mary Gordon Baker, issued under 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(a) (D.S.C.). (DE 14.) The Report recommends reversing the Commissioner's final decision under sentence four of 42 U.S.C. § 405(g) and remanding the matter for a new administrative hearing.[2] The time for filing objections has expired, and no objections have been filed.

---

[1]    The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials.

[2]    The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

## A.    Background

Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income, alleging disability beginning June 16, 2019. After a hearing, the Administrative Law Judge ("ALJ") issued a January 23, 2024, decision finding Plaintiff not disabled. The Appeals Council denied review, making the ALJ's decision the Commissioner's final decision for purposes of judicial review.

The ALJ found that Plaintiff retained the residual functional capacity to perform less than the full range of light work with additional postural, environmental, manipulative, and off-task limitations. Based on that residual functional capacity, the ALJ found Plaintiff capable of performing his past relevant work as a laboratory tester. (DE 14 at 2–3.) In evaluating Plaintiff's subjective statements, the ALJ relied in part on activities that the ALJ characterized as demonstrating a "fairly active lifestyle," including cooking, laundry, shopping, driving, riding an all-terrain vehicle, hunting, fishing, visiting with family, and performing outdoor tasks. (*Id.* at 10.)

The Report concludes that the ALJ did not adequately account for Plaintiff's qualifying descriptions of those activities, including their limited frequency, duration, pace, and manner of performance. The Report, therefore, recommends reversal and remand because the ALJ did not build an adequate logical bridge between the record evidence and the assessment of Plaintiff's subjective symptoms and resulting residual functional capacity. (*Id.* at 16.)

**B.    Legal Standard**

The Court must review de novo only those portions of the Report to which a party makes a specific objection. 28 U.S.C. § 636(b)(1). To be actionable, objections must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985)).

When no specific objection is made, the Court need not conduct de novo review and need only satisfy itself that there is no clear error on the face of the record before accepting the recommendation. *Diamond v. Colonial Life & Accident Insurance Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Judicial review of the Commissioner's final decision is limited to determining whether the correct legal standards were applied and whether the decision is supported by substantial evidence. 42 U.S.C. § 405(g); *Woods v. Berryhill*, 888 F.3d 686, 691 (4th Cir. 2018). A reviewing court may not reweigh conflicting evidence or substitute its judgment for that of the Commissioner, but it must be able to trace the path of the ALJ's reasoning from the evidence to the conclusion. *Arakas v.*

3

*Commissioner, Social Security Administration*, 983 F.3d 83, 95 (4th Cir. 2020); *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016).

## C.     Discussion

After reviewing the Report and the record, the Court finds no clear error in the recommendation that the Commissioner's decision be reversed and remanded. The ALJ was permitted to consider Plaintiff's daily activities when evaluating the intensity, persistence, and limiting effects of his symptoms. The analysis, however, also had to account for the extent to which Plaintiff could perform those activities. *Woods*, 888 F.3d at 694.

The record reflects material qualifications that were not adequately reconciled with the ALJ's characterization of Plaintiff's lifestyle as fairly active. Plaintiff reported preparing principally simple meals, performing laundry only monthly and over a period of hours, hunting and fishing infrequently because he tired easily, using an electric cart while shopping when available, and completing household and outdoor tasks slowly with frequent stops to sit. He also testified that he rarely used the all-terrain vehicle after his accident and that it was used primarily by his children and grandchildren. Although the ALJ identified the types of activities Plaintiff performed, the decision did not sufficiently explain how their limited frequency, duration, pace, and manner were inconsistent with his claimed limitations or demonstrated an ability to sustain the demands of full-time light work.

Because this deficiency prevents meaningful substantial-evidence review of the subjective-symptom assessment and resulting residual functional capacity,

4

remand is warranted. The Court does not decide whether the ALJ otherwise placed undue weight on the objective medical evidence. Objective medical evidence remains a relevant factor in the symptom analysis, but a claimant's statements may not be discounted solely because the objective evidence does not substantiate the alleged degree of limitation. On remand, the Commissioner should reassess Plaintiff's subjective statements under the applicable regulations and rulings, including the frequency, duration, manner, and limitations associated with the daily activities cited in the decision.

**D.     Conclusion**

Accordingly, the Court **ADOPTS** the Report's recommendation, as supplemented and limited by this Order. The Commissioner's final decision is **REVERSED** pursuant to sentence four of 42 U.S.C. § 405(g), and this matter is **REMANDED** to the Commissioner for further administrative proceedings consistent with the Report and this Order. The Clerk is directed to enter a separate judgment under Federal Rule of Civil Procedure 58 and close this case.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
August 6, 2026

5